UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CR-27-1D

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE LUIS BENNETT | ORDER |

On September 11, 2020, the United States Probation Office for the Eastern District of North Carolina filed a motion to revoke defendant Jose Luis Bennett's ("Bennett" or "defendant") term of supervised release [D.E. 25]. On February 22, 2021, Bennett filed a notice of consent to waive his revocation hearing and requested a sentence of 10 months' imprisonment [D.E. 31]. The United States supports Bennett's motion and agrees with revocation of Bennett's term of supervised release and a sentence of 10 months' imprisonment. See id. at 2. As explained below, the court grants Bennett's motion.

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violations outlined in the motion for revocation. See Fed. R. Crim. P. 32.1(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). In his motion, Bennett admits violations 1 and 2, which allege using a controlled substance and criminal association. See [D.E. 31] 1 & n.2. Bennett also asks to waive his hearing and have the court resolve the matter on the pleadings. See [D.E. 31] 1-2.

A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant See Farrell, 393 F.3d at 500; United States v. Stehl 665 F.2d 58, 59-60 (4th Cir. 1981); see also Fed. R Crim. P.32.l(c)(1)-(2). The court finds that Bennett has knowingly and voluntarily waived his right to a hearing under Rule 32.1, and the court accepts Bennett's knowing and voluntary waiver and his admission of the violations.

As for the disposition, on August 27, 2015, the United States District Court for the Southern District of Georgia sentenced Bennett to 16 months' imprisonment and a 60-month term of supervised release for violating 18 U.S.C. §§ 2250(a). See [D.E. 1-1]; [D.E. 25]. Bennett's original term of supervised release began on February 27, 2019. On May 22, 2020, this court sentenced Bennett to a 1-day term of incarceration[1] and placed him on supervised release for the remainder of the original term, set to expire on February 27, 2024. [D.E. 20]. Since that date, Bennett's violations have involved using a controlled substance and criminal association. See [D.E. 25] 1-2. In fashioning a supervised release revocation sentence, the court focuses on the breach of trust. See U.S.S.G. Ch. 7, Pt. A(3)(b). The sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of the court-ordered supervision." United States v. Crudup 461 F.3d 433,438 (4th Cir. 2006) (quotation omitted); see U.S.S.G. Ch. 7, Pt. A(3)(b).

The violations outlined in the motion for revocation are grade C violations. Bennett has a fine balance of $436.88. He has been in custody since September 15, 2020. Bennett's policy statement range is 5 to 11 months' imprisonment based on Grade C violations and a criminal history category of III. See U.S.S.G. § 7B1.4(a); PSR ¶ 32, United States v. Bennett, No. 2:15-CR-6-1 (S.D. Ga. Aug. 27, 2015). The parties agree that an appropriate sanction for Bennett is revocation and a sentence of 10 months' imprisonment. See [D.E. 31]. Having considered the entire record, the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, and the relevant factors in 18 U.S.C. § 3553(a), the court adopts the parties' recommendation and sentences Bennett to 10 months' imprisonment. The court also orders Bennett to satisfy his fine balance.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the policy statement range, it would still sentence Bennett to 10 months' imprisonment in light of the entire record and the section 3553(a) factors.

---

[1] Mr. Bennett was taken into custody on the day of the revocation hearing and remained in custody until 4:30pm.

See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382-86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161-65 (4th Cir. 2012).

In sum, the court finds that defendant Jose Luis Bennett has violated the terms and conditions of the judgement as follows:

1. Using a controlled substance.

2. Criminal association.

Defendant's supervised release term is REVOKED and the defendant is ORDERED committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 10 months. The balance of the financial imposition originally imposed is due in full immediately.

IT IS RECOMMENDED that the defendant serve this term of imprisonment at FCI Butner and that he receive the benefit of the intensive substance abuse treatment program.

IT IS FURTHER RECOMMENDED that the defendant receive educational and vocational training while in the Bureau of Prisons. The clerk SHALL provide the U.S. Marshal a copy of this judgment and this judgment shall serve as the commitment order. Any notice of appeal must be filed within 14 days.

SO ORDERED. This **23** day of **February** 2021.

JAMES C. DEVER III
United States District Judge